# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL WESTON,**

    **Petitioner,**

  **v.**                                                                 **Case No. 14-CV-424**

**PAUL KREMER,**

    **Respondent.**

## RULE 4 ORDER

Petitioner Michael Weston, who is currently incarcerated at the Racine Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Weston has paid the statutory $5 filing fee and the Court shall now screen the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, Weston challenges the revocation of his parole, alleging Due Process, Equal Protection, and Eighth Amendment violations. Particularly, he challenges that the Department of Corrections did not provide him notice of the charges against him. He also appears to argue that he is innocent of the conduct for which he was revoked.

I will begin with the exhaustion requirement. A district court may not address the merits of constitutional claims raised in a federal habeas corpus petition "unless the state courts have a had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). A petitioner challenging his revocation must not only exhaust his administrative remedies but also his state court remedies. *See Britton v. Mitchell*, No. 12-CV-757-JPS, 2012 WL 3279209, *1 (E.D. Wis. Aug. 10, 2012). It appears that an ALJ issued a decision following a hearing (*see* Docket # 4-1 at 8-11), and Weston also suggests that he appealed to the Division of Hearings and Appeals ("DHA"), pursuant to Wis. Admin. Code § HA 2.05(8). In the beginning of his petition, Weston discusses the issues he experienced in filing a petition for a writ of habeas corpus in the Wisconsin Supreme Court and seems to suggest he was not able to exhaust his state court remedies. On the record before me, however, it is not clear whether Weston exhausted both his administrative and state court remedies. Because, as noted above, he must exhaust his claims before a district court can address the merits of those claims, I will grant Weston time to provide information about the steps he has taken to exhaust the constitutional claims he presents in his petition. He should include information about what claims he pursued, when and where he pursued them, and any relevant documentation.

Because I am granting Weston time to provide further information about whether or not he exhausted his claims, I will also give Weston an opportunity to provide information about whether or not his petition is timely. Under 28 U.S.C. § 2244(d)(1), one-year statute of limitations applies to habeas petitions. That one-year limit begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). And though timeliness is an affirmative defense, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and

other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir.2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss.") Therefore, Weston should also provide information that will show whether or not his petition is timely. Particularly, he should provide the dates of all, if any, of the appellate action he took following the revocation of his parole, as well as any supporting documents.

Weston has until **May 30, 2014** to submit the information required by this. He should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner). If Weston fails to provide the information by that date, his petition will be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that Weston has until **May 30, 2014** to provide the information required by this order, explaining what claims he raised, where and when he raised them, as well as any relevant documentation. He should also provide information about the timeliness of his petition. The petitioner is advised that, if he does not respond to this order as directed, then this case will be dismissed for failure to exhaust.

Dated at Milwaukee, Wisconsin this 9th day of May, 2014.

BY THE COURT

 s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge