# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL WESTON,**

    Petitioner,

    v.                                               Case No. 14-CV-424

**PAUL KEMPER,**[1]

    Respondent.

## ORDER ON MOTION FOR RELEASE PENDING RESOLUTION
## OF THE PETITION FOR WRIT OF HABEAS CORPUS

Michael Weston ("Weston") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of his parole revocation. (Docket # 1.) I screened Weston's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, allowed it to proceed, and ordered the respondent to file responsive pleadings. (Docket # 8). Presently before me is Weston's motion for bailing pending the resolution of his petition for a writ of habeas corpus. (Docket # 13.) For the reasons explained below, his motion is denied.

A court does have the inherent authority to grant release to a habeas petitioner while a petition is pending review. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, a prisoner in a habeas case must meet a more demanding standard than the one under the Bail Reform Act. *Id.* As the Seventh Circuit emphasized in *Cherek*, the power to grant bail pending review of a habeas petition should be exercised sparingly. The Seventh Circuit further explained as follows:

---

[1] The court substitutes Warden Paul Kemper, who is the warden at Racine Correctional Institution, for Paul Kremer as the respondent.

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*. Weston argues that bail should be granted because he "is a patent victim of egregious illegal restraint" and because there is "extant reason to believe that the court will grant the writ . . . ." (Docket # 13 at 2.)

Even though Weston's petition presents issues not about his conviction but rather about his parole revocation, Weston "must show 'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641(E.D. Wis. 1994) (internal citation omitted). Weston also has to "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Id.* (internal citations omitted). Though Weston's petition presents a cognizable federal claim, at this juncture, it is not "readily evident" that his petition should be granted. Additionally, Weston has not presented any circumstance that "makes [his] request for bail exceptional and deserving of special treatment in the interest of justice." Though he makes such assertions (*see* Docket # 13), at this point in the case, I cannot find that his request is exceptional and that it deserves special treatment in the interest of justice. Therefore, I will deny his motion for bail.

In sum, Weston has not met the stringent standard for release pending review of his petition for a writ of habeas corpus. Therefore, his motion (Docket # 13) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 29th day of July, 2014.

                                          BY THE COURT

                                          *s/Nancy Joseph*
                                          NANCY JOSEPH
                                          United States Magistrate Judge