# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL WESTON,**

      Petitioner,

  v.                                                                                               **Case No. 14-CV-424**

**PAUL KEMPER,**

      Respondent.

## ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner Michael Weston ("Weston") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 11, 2014 challenging his parole revocation. (Docket # 1.) On July 25, 2014, he filed a motion for bail pending the resolution of his habeas petition. (Dcoket # 13.) I denied the motion on July 29, 2014. (Docket # 14.) Presently before me is Weston's motion to reconsider my denial of his motion for bail. (Docket # 17.)

Federal Rule of Civil Procedure 54(b) authorizes reconsideration of a court's non-final orders. Granting a motion for reconsideration is appropriate when:

> (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court.

*Tatum v. Clarke*, No. 11-CV-1131, 2013 WL 6497697, *1 (E.D. Wis. Dec. 11, 2013) (*citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1885, 1191 (7th Cir. 1990)).

In denying Weston's motion for bail, I explained that the power to grant bail pending the

resolution of a habeas petition should be exercised sparingly. *See Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). I also noted that Weston's case would need to be "readily evident" and that the request must be exceptional and "deserving of special treatment in the interest of justice." *Bergmann v. McCaughtry*, 857 F.Supp. 640, 641 (E.D. Wis. 1994).

In his motion for reconsideration, Weston makes the same arguments he made in his initial motion for bail and in his petition for a writ of habeas corpus. There has therefore been no change in the facts since the original motion for bail. Weston also argues that *Cherek* is not useful because there was no conviction—he challenges his parole revocation—and because there was no appeal. Although Weston is correct that *Cherek* is not a revocation case, the reasoning in *Cherek* is still useful here as the underlying principle of comity still applies, as does the interest in finality. The bottom line is that at this juncture, I do not have sufficient information warranting the exceptional relief of bail pending the resolution of this petition.

Furthermore, Weston presents no change in controlling law, nor does he argue that I "patently misunderstood" his argument, that I made a decision outside of the purview of a motion for bail, or that I made a mistake of apprehension. I therefore deny his motion for reconsideration of his motion for bail pending the resolution of his petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of August, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge