# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

MICHAEL WESTON,

      Petitioner,

      v.                             **Case No. 14-CV-424**

PAUL KEMPER,

      Respondent.

---

## DECISION AND ORDER ON MOTION TO DISMISS HABEAS CORPUS PETITION

---

Michael Weston ("Weston"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Weston challenges his parole revocation, arguing that his revocation was unlawful. Specifically, Weston argues that the Department of Community Corrections ("DCC") did not have the authority to revoke his parole in a manner that was not authorized by statute, administrative code, or case law. He in essence argues that the DCC "charged" him with an offense without the authority to do so and thus denied him due process. The respondent has filed a motion to dismiss the habeas corpus petition for untimeliness and failure to exhaust. (Docket # 25.) The parties have briefed the motion to dismiss and the motion is ready for resolution. For the reasons stated in this opinion, the respondent's motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.

### BACKGROUND

For purposes of this motion, the relevant background is as follows: In the 1980s, Weston was convicted in four cases: K-6187 (one count of armed robbery); K-5354 (two counts of armed robbery); K-6177 (four counts of armed robbery); and K-9004 (four counts of intimidating a witness). (Mtn.

to Dismiss, Docket # 25 at 2-3.) Weston received an indeterminate sentence not to exceed 105 years, and he was released on parole on September 6, 2007. (*Id.* at 3.) Weston's parole was revoked, and by a decision from the Division of Hearings and Appeals ("DHA") dated June 6, 2008, he was ordered reincarcerated for nine years, two months, and one day. (*Id.*) Weston sought certiorari review of the DHA's decision in Dane County Circuit Court case number 2008CV3972. (*Id.*) His petition was dismissed on March 10, 2009, and the circuit court denied Weston's motions for reconsideration on March 26, 2009 and April 13, 2009. (*Id.*) Weston did not file a notice appeal from the circuit court's order denying his petition or from its reconsideration orders. (*Id.*)

On May 23, 2009, Weston filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin (case number 09CV339-bbc). (*Id.* at 4.) The court dismissed the petition for failure to exhaust state remedies, noting that Weston did not appeal the state circuit court's denial of his petition for certiorari. (*Id.*) The court noted Weston's explanation for his failure to exhaust: "[P]etitioner asserts that pursuing a state court appeal would be futile because the appellate court is not likely to grant him relief." (*Id.*) Several months later, on December 23, 2009, Weston filed a habeas corpus petition in Dane County Circuit Court. (*Id.* at 5; Wisconsin Circuit Court Access Program ("CCAP"), Dane County Case No. 2010CV000262.) Weston's state habeas petition was dismissed on October 12, 2010, and Weston filed several motions for reconsideration. (CCAP, Dane County Case No. 2010CV000262.) However, Weston never filed a notice of appeal. (*Id.*)

On July 11, 2011, Weston filed another petition for a writ of habeas corpus in the Western District of Wisconsin, which was dismissed without prejudice on September 1, 2011 (case number 11-C-481-bbc). (*Id.* at 4.) The order noted that Weston had not presented any of his claims to the

Wisconsin Supreme Court. (*Id.*) More than two years later, on November 15, 2013, Weston filed a petition for a writ of habeas corpus in the Wisconsin Supreme Court (case number 2013AP2514-W). (*Id.* at 5.) The petition was denied on January 17, 2014, and the court denied a subsequent reconsideration motion on January 23, 2014. (*Id.*) Weston filed the present petition for a writ of habeas corpus on April 11, 2014. (Docket # 1.)

## DISCUSSION

The respondent moves to dismiss Weston's petition on the grounds that it is untimely and that Weston has procedurally defaulted his claims by failing to exhaust them. (Docket # 25.) I agree and will discuss each basis in turn.

*1.    Timeliness*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically the statute provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Weston does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, Weston's claims fall under 28 U.S.C. § 2244(d)(1)(A), and the one-year limitation period began to run when the judgment became final by the conclusion of direct review or the expiration of time to seek such review, which applies to probation revocation orders, as well. *See Wilson v. Bround*, No. 13-cv-781-bbc, 2014 WL 1233719, *4 (W.D. Wis. Mar. 25, 2014) (applying 28 U.S.C. § 2244(d)(1)(A) when discussing timeliness of a habeas petition concerning a probation revocation); *Huber v. Pugh*, No. 10-C-435, 2010 WL 4236869 (E.D. Wis. Oct. 21, 2010) (same).

Weston filed a petition for a writ of certiorari challenging his revocation on September 4, 2008, and that petition was denied on March 10, 2009. (CCAP, Dane County Case No. 2008CV3972.) Weston filed subsequent reconsideration orders, the last of which was denied on April

13, 2009. (*Id.*) Under the Wisconsin statutes, Weston had 90 days to file a notice of appeal.[1] Wis. Stat. § 808.04(1). Therefore, his revocation became final for the purposes of § 2244(d)(1)(A) on June 8, 2009. Weston filed a state court habeas petition on December 23, 2009 in Dane County (case number 2010CV262), which tolled the one-year time limit. At that time, 197 days had passed since his revocation became final, and 168 days remained in the AEDPA one-year time limit. (365 days minus 197 days equals 168 days.) The circuit court dismissed the petition on October 12, 2010, and because Weston did not file a notice of appeal, the one-year time period began running again on that day. His one-year period of limitation ran out on March 29, 2011. It appears that Weston filed no state court actions concerning his revocation between October 12, 2010 and March 29, 2011. Though Weston did file a post-conviction motion on December 6, 2010, as well as subsequent appeals, he challenged his three Milwaukee convictions. (CCAP, Milwaukee County Case No. 1983CF6177.) Therefore, Weston's one-year period of limitation ran on March 29, 2011, and the petition before me—filed April 11, 2014—is therefore untimely.

However, the analysis does not end here. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland*

---

[1] As the respondent points out, the statute also provides that if written notice of the entry of final judgment or order is given within 21 days of that final judgment or order, an appeal must be initiated within 45 days. It is not clear whether or not written notice was applied, so I will apply the larger of these time limitations—90 days.

*v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Weston does not allege, let alone establish, that "extraordinary circumstances beyond his control" prevented him from filing this petition. I note that Weston has actually filed two previous habeas petitions in the Western District of Wisconsin, as well as numerous other state court filings. There is no evidence that Weston has been prevented from filing this petition or any other legal action pertaining to his revocation or underlying convictions. Therefore, equitable tolling does not apply.

I also note that the United States Supreme Court recently held in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), that the miscarriage of justice exception to procedural default, that is, the "actual innocence" exception, applies to AEDPA's statute of limitations as well. In order to "invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). The miscarriage of justice exception contemplates criminal proceedings rather than revocation proceedings, but I will consider it for the sake of completeness.

The burden of demonstrating actual innocence lies with the petitioner. *Buie v. McAdory*, 341 F.3d 623, 626 (7th Cir. 2003). He "must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Bell*, 267 F.3d at 551 (quoting *Schlup v. Delo*, 513 U.S. 298, 315, 327 (1995)). Thus, "the petitioner must show that 'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Id.* (quoting *Schlup*, 513 U.S. at 327). This new evidence must be "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The burden of showing actual innocence is a heavy one. As the Seventh

Circuit has explained, "[t]o demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim." *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (citing *Schlup*, 513 U.S. at 324). Whether a petitioner has met his burden is a mixed question of law and fact, and it calls a court to examine the credibility of the petitioner's proffered new evidence and therefore to make factual findings. *Bell*, 267 F.3d at 552.

Here, in addition to arguing that DOC and DCC failed to follow proper procedures during the revocation proceedings, Weston also alleges that he is factually innocent; that is, he alleges that the evidence used against him during the revocation proceedings was, in essence, fabricated.[2] (*See* Docket # 4.) Reviewing Weston's filings, I cannot find that he has met his burden of demonstrating that he is actually innocent. Though he contends that the witnesses against him lied—either out of vindictiveness or because they were coerced into doing so—this is insufficient to show powerful, reliable new evidence. In other words, his bare assertions are not enough. Therefore, Weston has not met the actual innocence exception to the one-year statute of limitations under AEDPA.

2.     *Failure to Exhaust*

Though the untimeliness of Weston's petition is sufficient in and of itself to grant the respondent's motion and dismiss the petition, I will also examine the respondent's alternative argument that Weston failed to exhaust and is procedurally defaulted.

---

[2] To the extent Weston is arguing actual innocence as an independent basis for habeas relief, that claim must be denied. Actual innocence, in and of itself, is not a ground for habeas relief; there must be some underlying constitutional violation. *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). Stated differently, actual innocence serves as a "gateway" to allow a habeas petitioner to bring claims of constitutional error that would otherwise be procedurally barred. *Id.*

As outlined above, following the revocation of Weston's parole, he filed a petition for a writ of certiorari in Dane County Circuit Court (case number 2008CV3972). The circuit court denied his petition on March 10, 2009, along with two motions for reconsideration on March 26, 2009 and April 13, 2009. Weston never filed a notice of appeal of any of these orders. Following his state petition for a writ of certiorari, he filed two federal habeas corpus petitions, both of which were dismissed without prejudice for failure to exhaust. Weston's procedural posture has not changed since those petitions were dismissed. Though he later filed a state habeas petition, he did not appeal the order dismissing the petition. A subsequent state habeas petition filed with the Wisconsin Supreme Court was dismissed on January 17, 2014. In sum, Weston has failed to present his claims regarding his parole revocation through one complete round of state appellate review. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (explaining that a petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court to exhaust a claim).

Because the time to appeal the order denying his petition for a writ of certiorari has long since passed, *see* Wis. Stat. § 808.04(1), and there is no apparent mechanism by which Weston can exhaust his claims, he has procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.* Cause to overcome a procedural default requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the errors at trial

"worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152 (1982) (emphasis omitted). The fundamental miscarriage of justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citation omitted).

Weston has presented no evidence that he was impeded from filing an appeal following the denial of his petition for a writ of certiorari in state circuit court. In his first habeas petition in the Western District, Weston stated that he did not pursue his state court appeal because it "would be futile because the appellate court is not likely to grant him relief." (Docket # 25-6 at 3.) As noted in that decision, petitioners "cannot simply opt out of the state review process because [they are] tired of the results [they are] getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Therefore, Weston has failed to establish cause for his procedural default. As such, it is not necessary for this Court to determine whether he was prejudiced. *See Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (finding a petitioner must show both cause and prejudice). Additionally, for the same reasons outlined above that Weston has not met the actual innocence, or miscarriage of justice, exception to untimeliness, he has not met that standard for procedural default. His petition, therefore, is denied as barred by procedural default.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. Weston's petition is untimely and procedurally defaulted, and he has not met the exceptions to those bars requiring the dismissal of his habeas petition. He has not presented sufficient evidence to demonstrate actual innocence to overcome the statute of limitations or his procedural default, nor has he shown cause for his procedural default. Additionally, he has presented no evidence that would require the application of equitable tolling to his petition. For these reasons, I will deny Weston a certificate of appealability. Of course, Weston retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus (Docket # 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Weston's petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of January, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge