# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL WESTON,**

    Petitioner,

  v.                                                Case No. 14-CV-424

**PAUL KEMPER,**

    Respondent.

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On April 11, 2014, the petitioner, Michael Weston ("Weston"), filed a petition for a writ of habeas corpus. (Docket # 1.) On January 29, 2015, I granted the respondent's motion to dismiss the petition. (Docket # 31.) Presently before me is Weston's motion for reconsideration, which the court construes as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Taylor v. Wexford Health Services, Inc.*, 465 Fed. Appx. 561, 562 (7th Cir. 2012) (citing *Ho v. Taflove*, 648 F.3d 489, 495 nn. 4-5 (7th Cir. 2011) (finding the district court correctly deemed a motion for reconsideration to be a motion pursuant to Fed. R. Civ. P. 59(e) (rather than Fed. R. Civ. P. 60(b)) when filed less than 28 days after the entry of judgment). Within his motion for reconsideration, Weston moves for my recusal. He also moves for summary judgment as to two of his claims. I will address each of Weston's motions in turn.

    1.    *Motion for Recusal*

Weston moves for my recusal from his case. He argues that my decision was biased and one-sided and contained both factual and legal errors. Two statutes exist for disqualifying a judge in a

federal case, 28 U.S.C. §§ 144 and 455. Section 144 requires a judge to recuse herself for "personal bias or prejudice." Section 455(a) requires a federal judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," and under § 455(b)(1), a judge shall disqualify herself if she "has a personal bias or prejudice concerning a party." Because the language of § 144 concerning "personal bias and prejudice" mirrors the language in § 455(b), the two may be considered together. *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000). Section 144 provides that a judge should proceed no further once a party has filed a timely and sufficient affidavit alleging the judge has a personal bias either against him or for the adverse party. 28 U.S.C. § 144. The question under § 455(b)(1) is whether a reasonable person would believe that the judge was biased against the moving party.

Here, Weston has not filed an affidavit, so § 144 is inapplicable. Turning to § 455(b), Weston takes issue with the fact that the respondent's motion to dismiss was granted, arguing that it demonstrates my alleged bias against him and favor for the respondent. He also argues that my alleged bias is demonstrated by my failure to liberally construe Weston's pleadings. While Weston may be dissatisfied with my decision granting the motion to dismiss, I do not find that a reasonable person would believe that I was, or am, biased against Weston. *See Liteky v. United States*, 510 U.S. 540, 55 (1994) (explaining that judicial rulings, in and of themselves, rarely constitute a valid basis for bias or partiality). Similarly, I do not believe that my "impartiality might reasonably be questioned." 28 U.S.C. § 445(a). Therefore, I decline to disqualify myself from these proceedings.

2.  *Motion for Reconsideration*

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of

law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

In his motion for reconsideration, Weston makes three arguments. First, he argues that he was not required to exhaust his claims because the issues in his petition were "not heretofore litigated." (Docket # 34 at 5.) Second, he argues that he is factually innocent. Third, he argues that he is legally innocent. None of Weston's arguments meet the Rule 59(e) standard. He has merely repeated arguments which I addressed in my order granting the respondent's motion to dismiss. As noted above, a motion for reconsideration is very limited and addresses only manifest errors of fact or law. Here, Weston has presented no new facts nor has he presented any manifest errors of law. While Weston may disagree with my decision and order granting the respondent's motion to dismiss, a motion for reconsideration is not for rehashing previously unsuccessful arguments. Weston has not presented any manifest errors of law or fact, and his motion for reconsideration is therefore denied.

To the extent Weston's motion is to be construed as a request for a district judge to review my order, that option is not available. This case was assigned to me on the consent of the parties, pursuant to 28 U.S.C.§ 636(c)(1). When a civil case is before a magistrate judge pursuant to §

636(c)(1), an aggrieved party appeals directly to the court of appeals, not to the district judge. 28 U.S.C.§ 636(c)(3).

   3.   *Motion for Summary Judgment*

Weston's final motion is for summary judgment on "issues two and three" in his petition. (Docket # 34 at 14.) He argues that the state did not respond to the issues and that he is therefore entitled to summary judgment. As I found in my original decision and order dismissing his petition, Weston's petition is untimely, his claims are unexhausted, and he has not met either the cause and prejudice or actual innocence exceptions to those requirements. For those reasons, his petition was dismissed and judgment was entered. A motion for summary judgment does not cure the untimeliness of the petition or Weston's failure to exhaust. The motion is therefore denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Motion for Reconsideration, Motion for Recusal, and Motion for Summary Judgment (Docket # 32) is **DENIED**.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge